UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 25 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| David Medrano Rodriguez, ) | |
| ) | |
| Plaintiff, ) | Case: 1:14-cv-02033 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 11/25/2014 |
| ) | Description: Pro Se Gen. Civil |
| Joseph H. Gay, Jr., *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff is a prisoner at the Federal Correctional Institution in Oakdale, Louisiana. He purports to sue four individuals of unknown addresses based on vague accusations about "[m]alfeasance of [o]ffice" and the use and acceptance of false documents. Compl. at 4, 5. Plaintiff seeks equitable relief and an unspecified amount of monetary damages. *Id.* at 5.

Plaintiff has not stated any facts connecting each named defendant to the alleged wrongdoing and, thus, has failed to provide adequate notice of a claim.[1] *See, e.g., Iqbal,* 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (discussing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)). Hence, this case will be dismissed.

_____
United States District Judge

Date: November 21st, 2014

---

[1] To the extent that plaintiff is challenging a judgment of conviction, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [actions for injunctive and declaratory relief]." *Williams v. Hill,* 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam) (citations omitted). Rather, such relief must be pursued under 28 U.S.C. § 2254 (state court judgments) or 28 U.S.C. § 2255 (federal court judgments) in an appropriate court designated by § 2255 or 28 U.S.C. § 2241(d).

2